RAND ROSENZWEIG
 RADLEY & GORDON LLP
Charles L. Rosenzweig, Esq. (CR 7622)
Michèle L. Hamburg, Esq. (MH 3824)
Attorneys for Plaintiffs
50 Main Street, 12th Floor
White Plains, New York 10606
(914) 406-7000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
IN THE MATTER OF THE ARBITRATION BETWEEN

RAND ROSENZWEIG
RADLEY & GORDON LLP

                              PETITIONER,

     -AND-

WILLIAM FROST
AND
ZLETOVO ZINC, LTD.
                              RESPONDENTS.
-------------------------------------------------------X

08 CIV. 6291

VERIFIED PETITION TO
CONFIRM ARBITRATION AWARD

JUDGE ROBINSON

RAND ROSENZWEIG RADLEY & GORDON LLP, for its petition, alleges as follows:

1.     This is a petition for an order confirming the Award of the Arbitrator (the "Award") rendered pursuant to the Commercial Arbitration Rules of the American Arbitration Association ("AAA") on June 10, 2008, in the case entitled *Rand Rosenzweig Radley & Gordon LLP and William Frost and Zletovo Zinc, Ltd.* (Case No. 13 194 01819 07)  The original Award is annexed as Exhibit A.

2.     Petitioner is a New York limited liability partnership engaged in the practice of law.

3.     Upon information and belief, Zletovo Zinc, Ltd. ("Zletovo") is a company registered under the laws of the Cayman Islands, with a business address of One Capital Place,

P.O. Box 897, Georgetown, Grand Cayman, B.W.I., and William Frost ("Frost") is a resident of the State of Florida and the sole director and president of Zletovo (jointly "Respondents").

4.     This Court has jurisdiction of this proceeding by reason of the Federal Arbitration Act, 9 U.S.C. §9 and 28 U.S.C. §1332.  Venue is proper in this district, as the Award was rendered in this district.

5.     On June 7, 2006, Frost, personally and as president of Zletovo, signed an Engagement Letter, dated May 18, 2006, hiring Petitioner to represent them in connection with an action to be brought in the Supreme Court of the State of New York entitled *Zletovo Zinc, Ltd. and William Frost v. Andrew S. Taylor Kimmins, Calvi Holdings, LLC and Colette Rabbat*, Index No. 150002/06.  A copy of this letter (the "Kimmins Engagement Letter") is attached hereto as Exhibit B.

6.     On September 21, 2006, Frost, as president of Zletovo and individually as Guarantor, signed an Engagement Letter, dated June 21, 2006, hiring Petitioner to represent Zletovo in connection with an action pending in the Supreme Court of the State of New York entitled *Xeminex, Inc. et al v. Zletovo Zinc, Ltd.*, Index No. 150002/06.  A copy of this letter (the "Xeminex Engagement Letter") is attached hereto as Exhibit C.

7.     On or about November 2006, Petitioner also commenced representation in connection the defense of a lawsuit brought against Respondents by William Brownstein.

8.     In connection with the *Kimmins* and *Xeminex* litigations, Frost paid the legal fees incurred up to August 31, 2006. As for the *Brownstein* litigation, no payment was ever received, though due demand was made for all three actions.

9.      On or about August 28, 2008, Petitioner filed a Demand for Arbitration and Statement of Claim against Respondents in accordance with the Commercial Arbitration Rules of the American Arbitration Association seeking redress for respondents' breach of the Kimmins and the Xeminex Engagement Letters, and failure to pay legal fees incurred in defending the *Brownstein* litigation. A copy of the Statement of Claim (without exhibits) is attached hereto as Exhibit D.

10.     A hearing for the aforementioned arbitration was held on May 7, 2008. Respondent appeared by telephone. Both parties were afforded additional time and opportunity to submit affidavits and documents. Both parties availed themselves of the opportunity.

11.     The arbitrator rendered the Award on June 10, 2008. The arbitrator found that there is no dispute that Petitioner rightly spent the hours invoiced and that it did not disregard specific instructions given by Respondents. Thus, the arbitrator found that Petitioner is entitled to recover the full amount due of Eighty Thousand Four Hundred Eighteen Dollars and sixty two cents ($80,418.62) for fees, and Twelve Thousand Nine Hundred Fifty Four Dollars and twelve cents ($12,954.12) in interest through May 31, 2008. Additionally, Respondents are to reimburse Petitioner the amount of $1,275, representing the excess of the AAA fees and arbitrator's compensation paid by Petitioner, but should have been paid by Respondents. Finally, Petitioner is entitled to an additional Two Hundred Thirty Dollars and twenty three cents (230.23) for interest at the rate 9% from March 31, 2008 through June 10, 2008, for a total of Ninety Four Thousand Eight Hundred Seventy Seven Dollars and ninety seven cents ($94,877.97).

12.     The arbitrator's Award was made in accordance with the terms and provisions of the parties' written agreement and is in all respects proper.

13.     The AAA served a signed copy of the Award on Petitioner on June 11, 2008.

14.     No application has been made to the arbitrator for correction of the Award.

WHEREFORE, Petitioner respectfully moves the Court for an order confirming the Award, and directing that judgment be entered thereon, together with interest from June 10, 2008, and that Petitioner be granted the costs of this proceeding.

Dated: White Plains, New York
     July /✕, 2008

                RAND ROSENZWEIG
                RADLEY & GORDON

           By: _____
                Charles L. Rosenzweig (CR 7622)
                50 Main Street, 12th Fl.
                White Plains, NY 10606
                (914) 406-7000
                Attorneys pro se

## VERIFICATION

STATE OF NEW YORK          )
                          ) SS.:
COUNTY OF WESTCHESTER      )


CHARLES L. ROSENZWEIG, being duly sworn, deposes and says:

I am a partner in the law firm of Rand Rosenzweig Radley & Gordon LLP, Petitioner in the foregoing action. I have read the foregoing Verified Petition and know the contents thereof and that the same are true and correct to the best of my knowledge, except for such matters as are alleged upon information and belief; as to those matters, I believe them to be true.


_____
CHARLES L. ROSENZWEIG


Sworn to and subscribed
before me this 10th day
of July 2008


_____
Notary Public

**MICHELE KUGLER**
**Notary Public, State of New York**
**No. 02KU6132983**
**Qualified in Westchester County**
**Commission Expires September 6, 20 09**

# EXHIBIT A

## AMERICAN ARBITRATION ASSOCIATION
### Commercial Arbitration Tribunal

---

In the Matter of the Arbitration between

Re: 13 194 01819 07
   Rand Rosenzweig Radley & Gordon LLP  (Claimant)
   and
   William Frost and Zletovo Zinc, LTD  (Respondents)

---

### AWARD OF ARBITRATOR

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreements entered into between the above-named parties and dated May 18, 2006 and June 21, 2006, and having been duly sworn, and having duly heard and reviewed the proofs and allegations of the Parties at a hearing held on May 7, 2008 in which Respondent appeared by telephone, and in post-hearing submissions from Respondent provided on May 21, 2008 and from Claimant provided on June 4, 2008, do hereby, AWARD, as follows:

There appears to be no real dispute that Claimant spent the hours invoiced in providing legal services.  Respondent, however, disputes that all those services were necessary and asserts that Claimant did not follow instructions to minimize the work and time spent.  Attempting to minimize the work does not mean counsel can ignore a client's obligations under the CPLR, nor does it take into account the length of time that might be necessary to negotiate a difficult settlement, particularly when the client has a problem complying with its terms.  It does not appear to this arbitrator that Claimant disregarded any specific instructions or performed any unnecessary work.    Accordingly Claimant is awarded EIGHTY THOUSAND FOUR HUNDRED EIGHTEEN DOLLARS AND SIXTY TWO CENTS ($80,418.62) for fees and $12,954.12 in interest through May 31, 2008, for a total of $93,372.74.

Claimant shall be entitled to interest at the rate of 9% on the total award from May 31, 2008 to date which comes to $230.23.  Each party shall be responsible for its own attorney fees and other related costs.

The administrative fees of the American Arbitration Association totaling $2,550.00 and the compensation of the arbitrator totaling $3,300.00 shall be borne equally, one-half by Claimant and one-half by Respondents.  Therefore, Respondents shall reimburse Claimant the sum of $1,275.00 representing that portion of said fees in excess of the apportioned costs previously incurred by Claimant.

This Award is in full settlement of all claims raised in this Arbitration.  All claims not expressly granted herein are hereby denied.

_June 10, 2008_
_____
Date

_____
Howard R. Reiss

# EXHIBIT B

# RAND ROSENZWEIG RADLEY & GORDON LLP

ATTORNEYS AT LAW

50 MAIN STREET

WHITE PLAINS, N.Y. 10606

TELEPHONE: (914) 406-7000

FACSIMILE: (914) 406-7010

BERNARD S. GORDON
E. COOKE RAND
CHARLES L. ROSENZWEIG

CATHERINE S. CAMPBELL
MICHELE L. KUGLER

PHILIPPE D. RADLEY
HOWARD M. LANDA
STEPHEN ZECHE
   COUNSEL

Writer's extension: 202
Writer's email address:
crosenzweig@randrose.com

NEW YORK CITY OFFICE
800 THIRD AVENUE
NEW YORK, NY 10022
TELEPHONE: (212) 687-7070
FACSIMILE: (212) 557-1475

PARIS OFFICE:
45 AVENUE MONTAIGNE
PARIS, FRANCE 75008
TELEPHONE: (1) 47.23.64.82

CHARLES G.G. CAMPBELL
RESIDENT COUNSEL

May 18, 2006

Mr. William Frost
2125 Tanglewood Way NE
St. Petersburg, FL 33702

Zletovo Zinc Ltd.
712 Fifth Avenue, 11th Floor
New York, NY 10019

Attn: William Frost

Re: Engagement Letter

Dear Mr. Frost:

We are pleased that William Frost and Zletovo Zinc Ltd. (collectively the "Client") have requested that Rand Rosenzweig Radley & Gordon LLP render legal services and represent the Client as co-counsel with Adam Chodos, Esq. in *Zletovo Zinc Ltd. and William Frost v. Andrew S. Taylor Kimmins, Calvi Holdings, LLC and Colette S. Rabbat,* an action brought on the Client's behalf pending in the Supreme Court, New York County under index number 150002/06. The terms and conditions of this Engagement Letter and the General Provisions attached to and made part of this Engagement Letter will apply to our representation and to any additional legal services we provide which are beyond the initial scope of our representation. We will endeavor to render our professional services promptly, efficiently and at reasonable cost.

In reliance upon information and guidance provided by you, we will provide legal counsel and assistance to you in accordance with this letter, keep you reasonably informed of progress and developments, and respond to your inquiries. To enable us effectively to render these services, you agree to fully and accurately disclose to us all facts that may be relevant to the matter of our representation or that we may otherwise request, and that to keep us apprised of developments relating to the matter of our representation. You also will assist and cooperate with us as appropriate in dealing with these matters.

Our fees will be based on the amount of time spent by attorneys and paralegals on your matters. You will be billed on the basis of the usual hourly time charges in effect at the time

RAND ROSENZWEIG RADLEY & GORDON LLP

Zletovo Zinc Ltd. and
William Frost
May 18, 2006
Page 2

services are rendered. For this year and 2006, our usual hourly rates for partners will be at $435.00 and for counsel at $375.00. Associate rates will range from $175 to $240 per hour. These rates are subject to adjustment after 2006, from time to time, generally to reflect increased experience and special expertise of the attorneys and paralegals. The cost increases affecting our practice and the adjusted rates will apply to all services performed thereafter. In addition to our fees, we expect payment for disbursements and other charges as described in the General Provisions to this Engagement Letter. You will be billed monthly for our services and disbursements and other charges. Payment will be made promptly and in full, and in no event more than thirty days after the date the invoice is rendered. You agree to review our invoices upon receipt and to notify us in writing within twenty days to any objection to the invoice.

You agree to pay us a retainer in the amount of $7,500.00 as an advance against our fees, disbursements and other charges. In the event our fees, disbursements and other charges exceed the retainer amount, we will bill you for the excess. Any unused portion of the retainer amount will be returned to you at the close of our services. You agree that we will have the right to request additional retainer amounts from time to time based on our estimates of future work to be undertaken. If you fail timely to pay any additional retainer amount request, we will have the right to cease performing future work and to withdraw from the representation.

William Frost, individually, and Zveloto Zinc Ltd. will be jointly and separately responsible to make payment of the fees and disbursements incurred pursuant to this Agreement.

This Engagement Letter is governed by and construed in accordance with the laws of New York and may not be altered, amended or waived except in a writing signed by all parties.

ARBITRATION: All fee disputes which attorneys are required to arbitrate pursuant to Section 137.1 of the New York State Fee Dispute Resolution Program will be submitted to arbitration in accordance with the Consent below and the rules and procedures of the Program. Any other controversy or any claim arising out of or relating to this Engagement Letter or the breach thereof, or the services to be performed hereunder shall be resolved by binding arbitration administered by the American Arbitration Association in New York City under its commercial arbitration rules, and judgment on the award rendered may be entered in any court having jurisdiction thereof.

CONSENT TO SUBMIT CERTAIN FEE DISPUTES TO ARBITRATION PURSUANT TO PART 137.2 (c) OF THE RULES OF THE CHIEF ADMINISTRATOR AND TO WAIVE RIGHT TO TRIAL *DE NOVO*: The parties to this Engagement Letter agree that in the event a dispute should arise as to the attorney's fee for legal services to Part 137 of the Rules of the Chief Administrator of the Courts (22 NYCRR) applies, they will resolve the fee dispute by arbitration conducted pursuant to said Part 137, except that they agree to be bound by the decision of the arbitrator(s) and agree to waive their rights to reject the arbitrator(s) award by commencing an action on the merits (trial *de novo*) in a court of law within 30 days after the

RAND ROSENZWEIG RADLEY & GORDON LLP

Zletovo Zinc Ltd. and
William Frost
May 18, 2006
Page 3

arbitrator(s) decision has been mailed. By signing this Engagement Letter, you acknowledge that you have received and read the official written instructions and procedures for Part 137 and will be provided with copies of the written instructions and procedures for the local fee dispute resolution program prior to the commencement of any arbitration under the program. You understand that you are not required to agree to waive your right to seek a trial *de novo* under Part 137. This agreement does not foreclose the parties' attempting to resolve this fee dispute at any time through voluntary mediation.

If this Engagement Letter correctly reflects your understanding of the terms and conditions of our representation, please confirm your acceptance by signing the enclosed copy in the space provided below and returning it to the undersigned, together with a check for the retainer amount. Upon your acceptance, these terms and conditions will apply retroactively to the date we first performed services on your behalf. We are pleased to have the opportunity to be of service and look forward to working with you.

Very truly yours,

RAND ROSENZWEIG
RADLEY & GORDON LLP

By: _____
Charles L. Rosenzweig

ACCEPTED and AGREED:

_____
WILLIAM FROST

ZLETOVO ZINC, LTD.

By: _____
William Frost

Date: 6/7/06

# EXHIBIT C

# Rand Rosenzweig Radley & Gordon LLP

BERNARD S. GORDON
E. COOKE RAND
CHARLES L. ROSENZWEIG

———————————
Michèle L. Kugler

\* Also admitted in New Jersey
⊥ Also admitted in Florida

Writer's Extension: 303
Writer's E-Mail Address:
crosenzweig@randrose.com

Writer's extension: 202
Writer's email address:
crosenzweig@randrose.com

**ATTORNEYS AT LAW**
**800 Third Avenue**
New York, N.Y. 10022
Telephone: (212) 687-7070
Facsimile: (212) 557-1475

HOWARD M. LANDA
PHILIPPE D. RADLEY
COUNSEL

PARIS OFFICE:
45 AVENUE MONTAIGNE
PARIS, FRANCE 75008
TELEPHONE: (1) 47.23.64.82

CHARLES G.G. CAMPBELL
RESIDENT COUNSEL

June 21, 2006

**VIA FACSIMILE**

Mr. William Frost
President
Zletovo Zinc Ltd.
2125 Tanglewood Way NE
St. Petersburg, FL 33702

Re: Engagement Letter

Dear Mr. Frost:

We are pleased that Zletovo Zinc Ltd. (the "Client") has requested that Rand Rosenzweig Radley & Gordon LLP render legal services and represent and defend the Client as co-counsel with Adam Chodos, Esq. in *Xeminex, Inc. Xeminex Macedonia LLC, and Xeminex Macedonia Limited v. Zletovo Zinc Ltd.* an action brought against the Client, pending in the Supreme Court, New York County under index number 601975/06. The terms and conditions of this Engagement Letter and the General Provisions attached to and made part of this Engagement Letter will apply to our representation and to any additional legal services we provide which are beyond the initial scope of our representation. We will endeavor to render our professional services promptly, efficiently and at reasonable cost.

In reliance upon information and guidance provided by you, we will provide legal counsel and assistance to you in accordance with this letter, keep you reasonably informed of progress and developments, and respond to your inquiries. To enable us effectively to render these services, you agree to fully and accurately disclose to us all facts that may be relevant to the matter of our representation or that we may otherwise request, and that to keep us apprised of developments relating to the matter of our representation. You also will assist and cooperate with us as appropriate in dealing with these matters.

Our fees will be based on the amount of time spent by attorneys and paralegals on your matters. You will be billed on the basis of the usual hourly time charges in effect at the time services are rendered. For this year and 2006, our usual hourly rates for partners will be at

Zletovo Zinc Ltd.
June 21, 2006
Page 2

$435.00 and for counsel at $375.00. Associate rates will range from $175 to $240 per hour. These rates are subject to adjustment after 2006, from time to time, generally to reflect increased experience and special expertise of the attorneys and paralegals. The cost increases affecting our practice and the adjusted rates will apply to all services performed thereafter. In addition to our fees, we expect payment for disbursements and other charges as described in the General Provisions to this Engagement Letter. You will be billed monthly for our services and disbursements and other charges. Payment will be made promptly and in full, and in no event more than thirty days after the date the invoice is rendered. You agree to review our invoices upon receipt and to notify us in writing within twenty days to any objection to the invoice.

**You agree to pay us a retainer in the amount of $5000.00 as an advance against our fees, disbursements and other charges.** In the event our fees, disbursements and other charges exceed the retainer amount, we will bill you for the excess. Any unused portion of the retainer amount will be returned to you at the close of our services. You agree that we will have the right to request additional retainer amounts from time to time based on our estimates of future work to be undertaken. If you fail timely to pay any additional retainer amount request, we will have the right to cease performing future work and to withdraw from the representation.

**William Frost, individually, hereby unconditionally guaranties all the obligations of the Client to us in accordance with this engagement letter. Accordingly, William Frost and Zveloto Zinc Ltd. will be jointly and separately responsible to make payment of the fees and disbursements incurred pursuant to this Agreement.**

This Engagement Letter is governed by and construed in accordance with the laws of New York and may not be altered, amended or waived except in a writing signed by all parties.

ARBITRATION: All fee disputes which attorneys are required to arbitrate pursuant to Section 137.1 of the New York State Fee Dispute Resolution Program will be submitted to arbitration in accordance with the Consent below and the rules and procedures of the Program. Any other controversy or any claim arising out of or relating to this Engagement Letter or the breach thereof, or the services to be performed hereunder shall be resolved by binding arbitration administered by the American Arbitration Association in New York City under its commercial arbitration rules, and judgment on the award rendered may be entered in any court having jurisdiction thereof.

CONSENT TO SUBMIT CERTAIN FEE DISPUTES TO ARBITRATION PURSUANT TO PART 137.2 (c) OF THE RULES OF THE CHIEF ADMINISTRATOR AND TO WAIVE RIGHT TO TRIAL *DE NOVO*: The parties to this Engagement Letter agree that in the event a dispute should arise as to the attorney's fee for legal services to Part 137 of the Rules of the Chief Administrator of the Courts (22 NYCRR) applies, they will resolve the fee dispute by arbitration conducted pursuant to said Part 137, except that they agree to be bound by the decision of the arbitrator(s) and agree to waive their rights to reject the arbitrator(s) award by

Zletovo Zinc Ltd.
June 21, 2006
Page 3

commencing an action on the merits (trial *de novo*) in a court of law within 30 days after the arbitrator(s) decision has been mailed. By signing this Engagement Letter, you acknowledge that you have received and read the official written instructions and procedures for Part 137 and will be provided with copies of the written instructions and procedures for the local fee dispute resolution program prior to the commencement of any arbitration under the program. You understand that you are not required to agree to waive your right to seek a trial *de novo* under Part 137. This agreement does not foreclose the parties' attempting to resolve this fee dispute at any time through voluntary mediation.

If this Engagement Letter correctly reflects your understanding of the terms and conditions of our representation, please confirm your acceptance by signing the enclosed copy in the space provided below and returning it to the undersigned, together with a check for the retainer amount. Upon your acceptance, these terms and conditions will apply retroactively to the date we first performed services on your behalf. We are pleased to have the opportunity to be of service and look forward to working with you.

Very truly yours,

RAND ROSENZWEIG
RADLEY & GORDON LLP

By: _____
    Charles L. Rosenzweig

ACCEPTED and AGREED:

_____
WILLIAM FROST, individually
    as Guarantor

ZLETOVO ZINC, LTD.

By: _____
    William Frost, President

Date: _9/21/06_____

## GENERAL PROVISIONS TO ENGAGEMENT LETTERS

Except as modified by the accompanying Engagement Letter, the following provisions will apply to the relationship between Rand Rosenzweig Radley & Gordon LLP and its clients:

(1)    The time for which a client will be charged will include, but will not be limited to, telephone and office conferences with a client and counsel, witnesses, consultants, court personnel, and others; conferences among our personnel; factual investigation; legal research; responding to clients' requests to provide information to auditors in connection with reviews or audits of financial statements; drafting of letters, pleadings, briefs, and other documents; travel time; waiting time in court or elsewhere; and time in depositions and other discovery proceedings.

(2)    In addition to our fees, we will be entitled to payment or reimbursement for disbursements and other charges incurred in performing services such as photocopying, messenger and delivery, air freight, computerized research, videotape recording, travel (including mileage, parking, airfare, lodging, meals, and ground transportation), telephone, telecopying, overtime secretarial, word processing, court costs, and filing fees. To the extent we directly provide any of these services, we reserve the right to adjust the amount we charge, at any time or from time to time, as we deem appropriate, in light of our direct costs, our estimated overhead allocable to the services, and outside competitive rates. Unless special arrangements are made, fees and expenses of others (such as experts, investigators, witnesses, consultants, and court reporters) and other large disbursements will not be paid by our firm and will be the responsibility of, and billed directly to, the client.

(3)    Although we may from time to time for a client's convenience furnish estimates of fees or charges that we anticipate will be incurred on a client's behalf, these estimates are subject to unforeseen circumstances and are by their nature inexact. We will not be bound by any estimates except as otherwise expressly set forth in the engagement letter or otherwise agreed to by us in writing.

(4)    Fees, disbursements, and other charges will be billed monthly and are payable upon presentation. We expect prompt payment. A late charge of 1% per month will be imposed on any billed amounts that remain unpaid for 30 days.

(5)    A client shall have the right at any time to terminate our services and representation upon written notice to the firm. Such termination shall not, however, relieve the client of the obligation to pay for all services rendered and disbursements and other charges made or incurred on behalf of the client prior to the date of termination.

(6)    We reserve the right to withdraw from our representation with the client's consent or for good cause. Good cause may include the client's failure to honor the terms of the Engagement Letter, the client's failure to pay amounts billed in a timely manner, the client's failure to cooperate or follow our advice on a material matter, or any fact or circumstance that would, in our view, impair an effective attorney-client relationship or would render our continuing representation unlawful or unethical. If we elect to do so, the client will take all steps necessary to free us of any obligation to perform further, including the execution of any documents (including forms for substitution of counsel) necessary to complete our withdrawal, and we will be entitled to be paid for all services rendered and disbursements and other charges made or incurred on behalf of the client prior to the date of withdrawal.

## STANDARD INSTRUCTIONS TO CLIENTS FOR THE RESOLUTION OF FEE DISPUTES PURSUANT TO PART 137 OF THE RULES OF THE CHIEF ADMINISTRATOR

Part 137 of the Rules of the Chief Administrator of the Courts provides a procedure for the arbitration (and in some cases mediation) of fee disputes between attorneys and clients in civil matters. A copy of Part 137 is attached to these instructions. Fee disputes may involve both fees that you have already paid to your attorney and fees that your attorney claims are owed by you. If you elect to resolve your dispute by arbitration, your attorney is required to participate. Furthermore, the arbitration will be final and binding on both your attorney and you, unless either of you seeks a trial *de novo* within 30 days, which means either of you reject the arbitrator's decision by commencing an action on the merits of the fee dispute in a court of law within 30 days after the arbitrator's decision has been mailed. Fees disputes which may not be resolved under this procedure are described in Part 137.1 of the Rules of Chief Administrator of the Courts: representation in criminal matters; amounts in dispute involving a sum of less than $1000 or more than $50,000 unless the parties consent; and claims involving substantial legal questions, including professional malpractice or misconduct. Please consult Part 137.1 for additional exclusions.

Your attorney may not bring an action in court to obtain payment of a fee unless he or she first has provided written notice to you of your right to elect to resolve the dispute by arbitration under Part 137. If your attorney provides you with this notice, he or she must provide you with a copy of the written instructions and procedures of the approved local bar association-sponsored fee dispute resolution program ("Local Program") having jurisdiction over your dispute. Your attorney must also provide you with the "Request for Fee Arbitration" form and advise that you must file the Request for Fee Arbitration with the local program within 30 days of the receipt of the notice. If you do not file the Request within those 30 days, you will not be permitted to compel your attorney to resolve the dispute by arbitration, and your attorney will be free to bring a lawsuit in court to seek to obtain payment of the fee.

In order to elect to resolve a fee dispute by arbitration, you must file the attached "Request for Fee Arbitration" with the approved local program. An updated list of local programs is available at www.courts.state.ny.us/feedispute or by calling (212) 428-2862.

Filing of the Request for Fee

Arbitration must be made with the appropriate local program for the county in which the majority of legal services were performed. Once you file the Request for Fee Arbitration, the local program will mail a copy of the request to your attorney, who must provide a response within 15 days of the mailing. You will receive at least 15 days notice in writing of the time and place of the hearing and of the identity of the arbitrator(s). The arbitrator(s) decision will be issued no later than 30 days after the date of the hearing. You may represent yourself at the hearing, or you may appear with an attorney if you wish.

Some local programs may offer mediation services in addition to arbitration. Mediation is a process by which those who have a fee dispute meet with the assistance of a trained mediator to clarify issues and explore options for a mutually acceptable resolution. Mediation provides the opportunity for your attorney and you to discuss your concerns without relinquishing control over the outcome and of achieving a result satisfactory to both of you. Participation in mediation is voluntary for your attorney and you, and it does not waive any of your rights to arbitration under these rules. If you wish to attempt to resolve your dispute through mediation, you may indicate your wish on the Request for Fee Arbitration form.

More information, including an updated list of local programs, is available at:
http://www.courts.state.ny.us/feegov or by calling (212) 428-2862.

# PART 137. FEE DISPUTE RESOLUTION PROGRAM

## §137.0 Scope of Program

This Part establishes the New York State Fee Dispute Resolution Program, which provides for the informal and expeditious resolution of fee disputes between attorneys and clients through arbitration and mediation. In accordance with the procedures for arbitration, arbitrators shall determine the reasonableness of fees for professional services, including costs, taking into account all relevant facts and circumstances. Mediation of fee disputes, where available, is strongly encouraged.

## §137.1 Application

(a) This Part shall apply where representation has commenced on or after January 1, 2002, to all attorneys admitted to the bar of the State of New York who undertake to represent a client in any civil matter.

(b) This Part shall not apply to any of the following:

(1) representation in criminal matters;

(2) amounts in dispute involving a sum of less than $1000 or more than $50,000, except that an arbitral body may hear disputes involving other amounts if the parties have consented;

(3) claims involving substantial legal questions, including professional malpractice or misconduct;

(4) claims against an attorney for damages or affirmative relief other than adjustment of the fee;

(5) disputes where the fee to be paid by the client has been determined pursuant to statute or rule and allowed as of right by a court; or where the fee has been determined pursuant to a court order;

(6) disputes where no attorney's services have been rendered for more than two years;

(7) disputes where the attorney is admitted to practice in another jurisdiction and maintains no office in the State of New York, or where no material portion of the services was rendered in New York;

(8) disputes where the request for arbitration is made by a person who is not the client of the attorney or the legal representative of the client.

## §137.2 General

(a) In the event of a fee dispute between attorney and client, whether or not the attorney already has received some or all of the fee in dispute, the client may seek to resolve the dispute by arbitration under this Part. Arbitration under this Part shall be mandatory for an attorney if requested by a client, and the arbitration award shall be final and binding unless de novo review is sought as provided in section 137.8.

(b) The client may consent in advance to submit fee disputes to arbitration under this Part. Such consent shall be stated in a retainer agreement or other writing that specifies that the client has read the official

written instructions and procedures for Part 137, and that the client agrees to resolve fee disputes under this Part.

(c) The attorney and client may consent in advance to arbitration pursuant to this Part that is final and binding upon the parties and not subject to de novo review. Such consent shall be in writing in a form prescribed by the Board of Governors.

(d) The attorney and client may consent in advance to submit fee disputes for final and binding arbitration to an arbitral forum other than an arbitral body created by this Part. Such consent shall be in writing in a form prescribed by the Board of Governors. Arbitration in that arbitral forum shall be governed by the rules and procedures of that forum and shall not be subject to this Part.

§137.3 Board of Governors

(a) There shall be a Board of Governors of the New York State Fee Dispute Resolution Program.

(b) The Board of Governors shall consist of 18 members, to be designated from the following: 12 members of the bar of the State of New York and six members of the public who are not lawyers. Members of the bar may include judges and justices of the New York State Unified Court System.

(1) The members from the bar shall be appointed as follows: four by the Chief Judge from the membership of statewide bar associations and two each by the Presiding Justices of the Appellate Divisions.

(2) The public members shall be appointed as follows: two by the Chief Judge and one each by the Presiding Justices of the Appellate Divisions.

Appointing officials shall give consideration to appointees who have some background in alternative dispute resolution.

(c) The Chief Judge shall designate the chairperson.

(d) Board members shall serve for terms of three years and shall be eligible for reappointment for one additional term. The initial terms of service shall be designated by the Chief Judge such that six members serve one-year terms, six members serve two-year terms, and six members serve three-year terms. A person appointed to fill a vacancy occurring other than by expiration of a term of office shall be appointed for the unexpired term of the member he or she succeeds.

(e) Eleven members of the Board of Governors shall constitute a quorum. Decisions shall be made by a majority of the quorum.

(f) Members of the Board of Governors shall serve without compensation but shall be reimbursed for their reasonable, actual and direct expenses incurred in furtherance of their official duties.

(g) The Board of Governors, with the approval of the four Presiding Justices of the Appellate Divisions, shall adopt such guidelines and standards as may be necessary and appropriate for the operation of programs under this Part, including, but not limited to: accrediting arbitral bodies to provide fee dispute

resolution services under this Part; prescribing standards regarding the training and qualifications of arbitrators; monitoring the operation and performance of arbitration programs to insure their conformance with the guidelines and standards established by this Part and by the Board of Governors; and submission by arbitral bodies of annual reports in writing to the Board of Governors.

(h) The Board of Governors shall submit to the Administrative Board of the Courts an annual report in such form as the Administrative Board shall require.

## §137.4 Arbitral Bodies

(a) A fee dispute resolution program recommended by the Board of Governors, and approved by the Presiding Justice of the Appellate Division in the judicial department where the program is established, shall be established and administered in each county or in a combination of counties. Each program shall be established and administered by a local bar association (the "arbitral body") to the extent practicable. The New York State Bar Association, the Unified Court System through the District Administrative Judges, or such other entity as the Board of Governors may recommend also may be designated as an arbitral body in a fee dispute resolution program approved pursuant to this Part.

(b) Each arbitral body shall:

(1) establish written instructions and procedures for administering the program, subject to the approval of the Board of Governors and consistent with this Part. The procedures shall include a process for selecting and assigning arbitrators to hear and determine the fee disputes covered by this Part. Arbitral bodies are strongly encouraged to include nonlawyer members of the public in any pool of arbitrators that will be used for the designation of multi-member arbitrator panels.

(2) require that arbitrators file a written oath or affirmation to faithfully and fairly arbitrate all disputes that come before them.

(3) be responsible for the daily administration of the arbitration program and maintain all necessary files, records, information and documentation required for purposes of the operation of the program, in accordance with directives and procedures established by the Board of Governors.

(4) prepare an annual report for the Board of Governors containing a statistical synopsis of fee dispute resolution activity and such other data as the Board shall prescribe.

(5) designate one or more persons to administer the program and serve as a liaison to the public, the bar, the Board of Governors and the grievance committees of the Appellate Division.

## §137.5 Venue

A fee dispute shall be heard by the arbitral body handling disputes in the county in which the majority of the legal services were performed. For good cause shown, a dispute may be transferred from one arbitral body to another. The Board of Governors shall resolve any disputes between arbitral bodies over venue.

## §137.6 Arbitration Procedure

(a) (1) Except as set forth in paragraph (2), where the attorney and client cannot agree as to the attorney's fee, the attorney shall forward a written notice to the client, entitled "Notice of Client's Right to Arbitrate," by certified mail or by personal service. The notice (i) shall be in a form approved by the Board of Governors; (ii) shall contain a statement of the client's right to arbitrate; (iii) shall advise that the client has 30 days from receipt of the notice in which to elect to resolve the dispute under this Part; (iv) shall be accompanied by the written instructions and procedures for the arbitral body having jurisdiction over the fee dispute, which explain how to commence a fee arbitration proceeding; and (v) shall be accompanied by a copy of the "request for arbitration" form necessary to commence the arbitration proceeding.

(2) Where the client has consented in advance to submit fee disputes to arbitration as set forth in subdivisions (b) and (c) of section 137.2 of this Part, and where the attorney and client cannot agree as to the attorney's fee, the attorney shall forward to the client, by certified mail or by personal service, a copy of the "request for arbitration" form necessary to commence the arbitration proceeding along with such notice and instructions as shall be required by the rules and guidelines of the Board of Governors, and the provisions of subdivision (b) of this section shall not apply.

(b) If the attorney forwards to the client by certified mail or personal service a notice of the client's right to arbitrate, and the client does not file a request for arbitration within 30 days after the notice was received or served, the attorney may commence an action in a court of competent jurisdiction to recover the fee and the client no longer shall have the right to request arbitration pursuant to this Part with respect to the fee dispute at issue. An attorney who institutes an action to recover a fee must allege in the complaint (i) that the client received notice under this Part of the client's right to pursue arbitration and did not file a timely request for arbitration or (ii) that the dispute is not otherwise covered by this Part.

(c) In the event the client determines to pursue arbitration on the client's own initiative, the client may directly contact the arbitral body having jurisdiction over the fee dispute. Alternatively, the client may contact the attorney, who shall be under an obligation to refer the client to the arbitral body having jurisdiction over the dispute. The arbitral body then shall forward to the client the appropriate papers set forth in subdivision (a) necessary for commencement of the arbitration.

(d) If the client elects to submit the dispute to arbitration, the client shall file the "request for arbitration form" with the appropriate arbitral body, and the arbitral body shall mail a copy of the "request for arbitration" to the named attorney together with an "attorney fee response" to be completed by the attorney and returned to the arbitral body within 15 days of mailing. The attorney shall include with the "attorney fee response" a certification that a copy of the response was served upon the client.

(e) Upon receipt of the attorney's response, the arbitral body shall designate the arbitrator or arbitrators who will hear the dispute and shall expeditiously schedule a hearing. The parties must receive at least 15 days notice in writing of the time and place of the hearing and of the identity of the arbitrator or arbitrators.

(f) Either party may request the removal of an arbitrator based upon the arbitrator's personal or professional relationship to a party or counsel. A request for removal must be made to the arbitral body no later than five days prior to the scheduled date of the hearing. The arbitral body shall have the final decision concerning the removal of an arbitrator.

(g) The client may not withdraw from the process after the arbitral body has received the "attorney fee response." If the client seeks to withdraw at any time thereafter, the arbitration will proceed as scheduled whether or not the client appears, and a decision will be made on the basis of the evidence presented.

(h) If the attorney without good cause fails to respond to a request for arbitration or otherwise does not participate in the arbitration, the arbitration will proceed as scheduled and a decision will be made on the basis of the evidence presented.

(i) Any party may participate in the arbitration hearing without a personal appearance by submitting to the arbitrator testimony and exhibits by written declaration under penalty of perjury.

## §137.7 Arbitration Hearing

(a) Arbitrators shall have the power to:

(1) take and hear evidence pertaining to the proceeding;

(2) administer oaths and affirmations; and

(3) compel, by subpoena, the attendance of witnesses and the production of books, papers and documents pertaining to the proceeding.

(b) The rules of evidence need not be observed at the hearing.

(c) Either party, at his or her own expense, may be represented by counsel.

(d) The burden shall be on the attorney to prove the reasonableness of the fee by a preponderance of the evidence and to present documentation of the work performed and the billing history. The client may then present his or her account of the services rendered and time expended. Witnesses may be called by the parties. The client shall have the right of final reply.

(e) Any party may provide for a stenographic or other record at the party's expense. Any other party to the arbitration shall be entitled to a copy of said record upon written request and payment of the expense thereof.

(f) The arbitration award shall be issued no later than 30 days after the date of the hearing. Arbitration awards shall be in writing and shall specify the bases for the determination. Except as set forth in section 137.8, all arbitration awards shall be final and binding.

(g) Should the arbitrator or arbitral body become aware of evidence of professional misconduct as a result of the fee dispute resolution process, that arbitrator or body shall refer such evidence to the appropriate grievance committee of the Appellate Division for appropriate action.

(h) In any arbitration conducted under this Part, an arbitrator shall have the same immunity that attaches in judicial proceedings.

## §137.8 De Novo Review

(a) A party aggrieved by the arbitration award may commence an action on the merits of the fee dispute in a court of competent jurisdiction within 30 days after the arbitration award has been mailed. If no action is commenced within 30 days of the mailing of the arbitration award, the award shall become final and binding.

(b) Any party who fails to participate in the hearing shall not be entitled to seek de novo review absent good cause for such failure to participate.

(c) Arbitrators shall not be called as witnesses nor shall the arbitration award be admitted in evidence at the trial de novo.

## §137.9 Filing Fees

Upon application to the Board of Governors, and approval by the Presiding Justice of the Appellate Division in the judicial department where the arbitral program is established, an arbitral body may require payment by the parties of a filing fee. The filing fee shall be reasonably related to the cost of providing the service and shall not be in such an amount as to discourage use of the program.

## §137.10 Confidentiality

All proceedings and hearings commenced and conducted in accordance with this Part, including all papers in the arbitration case file, shall be confidential, except to the extent necessary to take ancillary legal action with respect to a fee matter.

## §137.11 Failure to Participate in Arbitration

All attorneys are required to participate in the arbitration program established by this Part upon the filing of a request for arbitration by a client in conformance with these rules. An attorney who without good cause fails to participate in the arbitration process shall be referred to the appropriate grievance committee of the Appellate Division for appropriate action.

## §137.12 Mediation

(a) Arbitral bodies are strongly encouraged to offer mediation services as part of a mediation program approved by the Board of Governors. The mediation program shall permit arbitration pursuant to this Part in the event the mediation does not resolve the fee dispute.

(b) All mediation proceedings and all settlement discussions and offers of settlement are confidential and may not be disclosed in any subsequent arbitration.

# EXHIBIT D

Online Filing Demand For Arbitration/Mediation Form

**This concludes your filing.**

**Thank you for submitting your claim to the AAA.**

**Your claim confirmation number is: 002-GEF-H2Y**

To institute proceedings, please send a copy of this form and the Arbitration Agreement to the opposing party.

| | |
|---|---|
| **Your dispute has been filed in accordance with:** | Commercial Dispute Resolution Procedures |
| **This Claim has Been Filed For:** | Arbitration |
| **Filing Fee:** | $1,800.00 |

Additional Claim Information

| | |
|---|---|
| **Claim Amount:** | $83,586.98 |
| **Claim Description:** | This is a claim for unpaid legal fees for services performed and billed pursuant to engagement letters executed by the Respondents. The amount sought exceeds the limits provided under Section 137.1 of the New York State Fee Dispute Resolution Program and therefore is referable to arbitration as per the arbitration clause agreed between the parties. |

| | |
|---|---|
| **Arbitration Clause:** | ARBITRATION: All fee disputes which attorneys are required to arbitrate pursuant to Section 137.1 of the New York State Fee Dispute Resolution Program will be submitted to arbitration in accordance with the Consent below and the rules and procedures of the Program. Any other controversy or any claim arising out of or relating to this Engagement Letter or the breach thereof, or the services to be performed hereunder shall be resolved by binding arbitration administered by the American Arbitration Association in New York City under its commercial arbitration rules, and judgment on the award rendered may be entered in any court having jurisdiction thereof. |
| **Hearing Locale Requested:** | New York , NY |
| **Contract Date:** | 05/18/2006 |
| **Number of Neutrals:** | 1 |

Claimant                                          Representatives
**Rand Rosenzweig Radley & Gordon LLP**
Type of Business: Attorney

| | |
|---|---|
| **Name:** | Charles L. Rosenzweig |
| **Company Name:** | Rand Rosenzweig Radley & Gordon LLP |
| **Address:** | 50 Main Street, 12th Floor<br>White Plains, NY 10606 |
| **Tel#:** | 914-406-7000 |
| **Fax#:** | 914-406-7010 |
| **Email:** | crosenzweig@randrose.com |
| **Include in Caption:** | Company |

Respondent                                        Representatives
**William Frost Zletovo Zinc Ltd.**
Type of Business: Unknown / Blank Demand

| | |
|---|---|
| **Name:** | William Frost |
| **Company Name:** | |
| **Address:** | 2125 Tanglewood Way Ne<br>St. Petersburg, FL 33702 |
| **Tel#:** | 646-279-7798 |
| **Fax#:** | |
| **Email:** | wfrost@f4CAPITAL.com |

| Include in Caption: | Individual |
| --- | --- |
| **Name:** | |
| **Company Name:** | Zletovo Zinc Ltd. |
| **Address:** | 2125 Tanglewood Way, Ne<br>St. Petersburg, FL 33702 |
| **Tel#:** | 646-279-7798 |
| **Fax#:** | |
| **Email:** | wfrost@f4CAPITAL.com |
| **Include in Caption:** | Company |

To institute proceedings, please send a copy of this form and the Arbitration Agreement to the opposing party.

Your demand/submission for arbitration/mediation was received by the American Arbitration Association on 08/27/2007 at 14:08 Eastern (US) time.